FORM B104 (08/07)            2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>THE PEOPLE OF THE STATE OF CALIFORNIA | **DEFENDANTS**<br>NO SUNG PAK dba PAK'S CABINETS and JUNG JA PAK |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>LOS ANGELES CITY ATTORNEY'S OFFICE<br>200 NORTH MAIN STREET, SUITE 920<br>LOS ANGELES, CA 90012 - (213) 978-7750 | **ATTORNEYS** (If Known)<br>LAW OFFICES OF MARK T. JESSEE<br>50 W. HILLCREST DRIVE, SUITE 200<br>THOUSAND OAKS, CA 91360 |
| **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

DETERMINATION OF THE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. sec. 523(a)(2), (6) and (7)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $    Unknown; to be proven |

**Other Relief Sought**

NONDISCHARGEABILITY UNDER 11 U.S.C. SEC. 523(A)(7)

FORM B104 (08/07), page 2                                        2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES |||
|---|---|---|
| **NAME OF DEBTOR** <br> NO SUNG PAK dba PAK'S CABINETS; JUNG JA PAK || **BANKRUPTCY CASE NO.** <br> 1:14-bk-13987 |
| **DISTRICT IN WHICH CASE IS PENDING** <br> CENTRAL DISTRICT OF CA | **DIVISIONAL OFFICE** <br> SAN FERNANDO DIVISION | **NAME OF JUDGE** <br> THE HON. ALAN M. AHART |

| RELATED ADVERSARY PROCEEDING (IF ANY) |||
|---|---|---|
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) ||
|---|---|
| *[signature]* ||
| **DATE** <br> 11/13/14 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> WENDY A. LOO, DEPUTY CITY ATTORNEY |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| MICHAEL N. FEUER, City Attorney (SBN 111529)<br>TINA HESS, Assistant City Attorney (SBN 143900)<br>WENDY A. LOO, Deputy City Attorney (SBN 176587)<br>JESSICA BROWN, Deputy City Attorney (SBN 211642)<br>LOS ANGELES OFFICE OF THE CITY ATTORNEY<br>200 NORTH MAIN STREET, SUITE 920<br>LOS ANGELES, CA 90012<br>TEL: (213) 978-7750 / FAX: (213) 978-7711<br>wendy.loo@lacity.org<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA<br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION**

| In re:<br><br>NO SUNG PAK dba PAK'S CABINETS, an individual;<br>JUNG JA PAK, an individual,<br><br>Debtor(s). | CASE NO.: 1:14-bk-13987-AA<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff(s)<br>Versus<br>NO SUNG PAK dba PAK'S CABINETS, an individual;<br>JUNG JA PAK, an individual,<br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____    **Place:**
**Time:** _____    ☐ 255 East Temple Street, Los Angeles, CA 90012
**Courtroom:** _____    ☐ 3420 Twelfth Street, Riverside, CA 92501
☐ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference.**  All parties must read and comply with the rule, even if you are representing yourself.  You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference.  A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH).  If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference.  **The court may fine you or impose other sanctions if you do not file a status report.  The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                                      KATHLEEN J. CAMPBELL
                                      CLERK OF COURT


Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____


                                      By: _____
                                              Deputy Clerk

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                   Page 2                                       **F 7004-1.SUMMONS.ADV.PROC**

1  MICHAEL N. FEUER, City Attorney (SBN 111529)
   TINA HESS, Assistant City Attorney (SBN 143900)
2  WENDY A. LOO, Deputy City Attorney (SBN 176587)
   JESSICA B. BROWN, Deputy City Attorney (SBN 211642)
3  LOS ANGELES OFFICE OF THE CITY ATTORNEY
   200 North Main Street, Suite 920
4  Los Angeles, California 90012
   Telephone: (213) 978-7750
5  Fax: (213) 978-7711
   wendy.loo@lacity.org
6
   Attorneys for Plaintiff
7  THE PEOPLE OF THE STATE OF CALIFORNIA

8
                    UNITED STATES BANKRUPTCY COURT
9
                    CENTRAL DISTRICT OF CALIFORNIA
10
                    SAN FERNANDO VALLEY DIVISION
11

| | |
|---|---|
| In re NO SUNG PAK dba PAK'S CABINETS, an individual; JUNG JA PAK, an individual,<br><br>Debtors.<br><br>_____<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>vs.<br><br>NO SUNG PAK dba PAK'S CABINETS, an individual; JUNG JA PAK, an individual,<br><br>Defendants. | Case No. 1:14-bk-13987-AA<br><br>Chapter 7<br><br>Adv. Proceeding No.: _____<br><br>**COMPLAINT UNDER § 523(c) OF THE BANKRUPTCY CODE TO DETERMINE THE NONDISCHARGEABILITY OF A DEBT**<br><br><u>Status Conference:</u><br><br>Date:<br>Time:<br>Place: |

-1-

Complaint Under 11 U.S.C. §523(c) to Determine the Nondischargeability of a Debt

Plaintiff, The People of the State of California ("Plaintiff" or "the People"), by and through the Office of the City Attorney for the City of Los Angeles, alleges as follows, which allegations are based upon information and belief insofar as they pertain to the identity and conduct of defendants No Sung Pak ("Mr. Pak") and Jung Ja Pak ("Mrs. Pak")(collectively, "Defendants"):

## JURISDICTION AND VENUE

1.  This adversary proceeding arises out of the Defendants' Chapter 7 Case No. 1:14 bk-13987-AA, jointly filed on August 26, 2014.

2.  This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and 11 U.S.C. §523. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I). Venue is proper in this Court pursuant to 28 U.S.C. §§1408 and 1409.

## THE PARTIES

3.  Plaintiff is the sovereign power of the State of California designated by the state's Unfair Competition Law (Business & Professions Code §17200, et seq.) and False Advertising Law (Business & Professions Code §17500, et seq.) to be the complaining party in civil law enforcement actions brought under those statutes. The People have an interest in ensuring that the individuals and entities doing business in California comply with all applicable laws, including specifically the laws requiring that workers on public works projects be paid prevailing wages and that employers comply with all applicable labor laws. The People act here through Michael N. Feuer, City Attorney for the City of Los Angeles (the "City Attorney"), under the authority granted to him by CA Business and Professions Code sections 17203, 17204, 17206, 17535, and 17536 to bring such law enforcement actions.

4.  Defendant and debtor No Sung Pak (previously defined as "Mr. Pak") is, and at all times relevant to hereto was, the owner, principal and sole proprietor of the dba Pak's Cabinets, a

cabinet making business with a storefront in North Hollywood, California, and which performed as subcontractor on the South Los Angeles Animal Care Center project ("Project"). In addition, Mr. Pak is the Chief Executive Officer, Secretary, and Chief Financial Officer for Pak's Cabinets, Inc., a non-debtor California corporation formed in December 2013, with its principal place of business in North Hollywood, California.

5. Defendant and debtor Jung Ja Pak (previously defined as "Mrs. Pak") is and at all times was Mr. Pak's wife and is the joint debtor in the underlying bankruptcy case.

6. On August 26, 2014, Defendants filed a joint voluntary Chapter 7 petition, commencing the underlying bankruptcy case.

### STATE COURT CONSUMER PROTECTION ENFORCMENT ACTION

7. This adversary proceeding stems from the People's civil law enforcement action entitled "The People of the State of California, Plaintiff v. Mackone Development, Inc., et al., Defendants, pending in the Los Angeles County Superior Court, Case Number BC563601 filed on November 13, 2014, against Mr. Pak and others, who are non-debtors (the "Enforcement Action"). The People's Complaint in the Enforcement Action is attached hereto as Exhibit "A".

8. In the Enforcement Action, the People seek civil penalties, injunctive relief and civil restitution pursuant to California's Unfair Competition Law (CA Business and Professions Code sec. 17200 et seq.) ( "UCL"), and California's False Advertising Law ( CA Business and Professions Code sec. 17500 et seq.) ( "FAL"), for Mr. Pak's violation of prevailing wage law, overtime laws and other applicable wage statutes and ordinances in his role as a subcontractor on the Project.

9. California's prevailing wage laws ensure that the ability to secure a public works contract is not based on paying lower wage rates than a competitor. All bidders are required to use the same minimum wage rates when bidding on a public works project. California law

-3-

Complaint Under 11 U.S.C. §523(c) to Determine the Nondischargeability of a Debt

requires that not less than the general prevailing wage of per diem wages be paid to all workers employed on a public works project.

10. In the Enforcement Action, the People allege Mr. Pak's violations of several California statutes and regulations including: laws governing employment on public works (CA Labor Code §§1770 et seq.); general California labor laws under the CA Labor Code; wage theft under CA Penal Code §487; City of Los Angeles' regulations relating to public works projects (L.A. Administrative Code §10.20.3); and California and federal witness protection laws under various sections of the CA Penal Code and 18 U.S.C. §1001(a)(3).

11. As set forth more fully in the General Allegations below, the People assert that Mr. Pak violated said California, federal, and local laws as a result of Mr. Pak's fraudulent and/or willful misconduct, including but not limited to:

    a. Secretly paying a lower wage while purporting to pay the wage designated by statute or by contract, in violation of CA Labor Code §223;

    b. Failing to compensate employees working in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek at the rate of no less than one and one-half times the regular pay for employees, in violation of CA Labor Code §510(a);

    c. Falsely stating in the payroll records that workers were paid the prevailing wage and overtime, in violation of CA Labor Code §1776(a);

    d. Taking retaliatory action against employees for complaining to the California Labor Commissioner of unpaid wages, in violation of CA Labor Code §98.6(a);

-4-

e. Knowingly making, using, or causing to be made or used a false record or statement material to a false or fraudulent claim to a governmental entity, in violation of CA Government Code §12651(a)(2);

f. Offering into evidence during an investigation or inquiry authorized or permitted by law documents, knowing them to have been forged or fraudulently altered, in violation of CA Penal Code §132;

g. Preparing a false statement in writing with the intent to produce it as genuine or true, in violation of CA Penal Code §134;

h. Knowingly and maliciously preventing or dissuading – or attempting to prevent or dissuade – a witness or victim from attending or giving testimony at a trial proceeding, or inquiry authorized by law, in violation of CA Penal Code §§136.1(a)(1) and 136.1(a)(2);

i. Knowingly falsely altering, forging, passing or attempting to pass as true and genuine, with the intent to defraud, a request for the payment of money, in violation of CA Penal Code §470(d);

j. Stealing the money or labor of an employee, with the value of that money or labor exceeding nine hundred and fifty dollars ($950), in violation of CA Penal Code §487;

k. Testifying, declaring, deposing, or certifying under penalty of perjury and willfully stating as true a material matter which they know to be false, in violation of CA Penal Code §118; and

l. Knowingly and willfully making or using a false writing or document, knowing it to contain a materially false, fictitious, or fraudulent statement or entry, in violation of Title 18 of the United States Code, §1001(a)(3).

-5-

# ENFORCEMENT AUTHORITY

## California Unfair Competition Law

12. Pursuant to CA Business and Professions Code sections 17203, 17204, and 17206, the Los Angeles City Attorney may bring a civil action in the name of the People to enjoin any person who engages, has engaged, or proposes to engage in unfair competition, as defined in CA Business and Professions Code section 17200, and to obtain mandatory civil penalties for each act of unfair competition.

13. "Unfair competition" is defined in the UCL, CA Business and Professions Code section 17200 et seq., as "any unlawful, unfair or fraudulent business act or practice" and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the CA Business and Professions Code.

14. Pursuant to CA Business and Professions Code section 17203, any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction and the court may make such orders or judgments to prevent the use of any practice which constitutes unfair competition, or as may be necessary to restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

15. Pursuant to CA Business and Professions Code section 17206, any person who engages, has engaged, or proposes to engage in unfair competition shall be liable for a civil penalty not to exceed $2,500 dollars for each violation.

16. Pursuant to CA Business and Professions Code section 17205, the remedies or penalties provided for violations of CA Business and Professions Code section 17200, et seq., are cumulative to each other and to the remedies or penalties available under all other laws of the state.

### California False Advertising Law

17. The FAL, CA Business and Professions Code section 17500 et seq., makes it unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of real or personal property or to perform services to disseminate any statement, concerning that real or personal property or those services, which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.

18. Pursuant to CA Business and Professions Code section 17535, any person who violates or proposes to violate CA Business and Professions Code section 17500 may be enjoined in any court of competent jurisdiction and the court may make such orders or judgments to prevent the use of any practices which constitute false advertising, or as may be necessary to restore to any person in interest any money or property which may have been acquired by means of such false advertising.

19. Pursuant to CA Business and Professions Code section 17536, any person who violates CA Business and Professions Code section 17500 shall be liable for a civil penalty not to exceed $2,500 for each violation.

20. Pursuant to CA Business and Professions Code section 17534.5, the remedies or penalties provided for violations of CA Business and Professions Code section 17500, *et seq.* are cumulative to each other and to the remedies or penalties available under all other laws of the state.

### GENERAL ALLEGATIONS

21. To the extent that the following description includes specific examples, they are provided for purposes of illustrating the operation of Mr. Pak's illegal activities, with no intention

of limiting this action solely to these specific examples.  The People anticipate obtaining additional evidence of illegal conduct through the discovery process.

22. California's prevailing wage laws prescribe the basic hourly rate to be paid on public works projects to workers engaged in a particular craft, classification or type of work within the locality and in the nearest labor market area.  The State of California Director of the Department of Industrial Relations issues determinations of general prevailing rates of per diem wages for a particular craft, classification or type of worker which is uniform throughout a designated area.

23. In May 2010, the City of Los Angeles ("City") hired prime contractor Mackone Development Inc. ("Mackone") to construct the South Los Angeles Animal Care Center near Western Avenue and 60th Street in Los Angeles (the "Project").

24. In August 2010, Mackone and Mr. Pak, doing business as Pak's Cabinets, executed an $85,000 contract for Mr. Pak to perform subcontract work on the Project, consisting of assembling and installing cabinets.  In the contract between Mr. Pak and Mackone, Mr. Pak agreed to comply "in all respects with federal, state and local law applicable to the prosecution of work under this Subcontract Agreement."  An attachment to the contract states: "Subcontractor shall pay not less than the prevailing wage rates to all workers employed by such Subcontractors in the execution of the Work."  A true and correct copy of the subcontract between Mackone and Mr. Pak's is attached hereto as Exhibit A and is incorporated herein by reference.

25. Despite this agreement, Mr. Pak failed to pay the prevailing wage to his workers on the Project, as well as overtime.  Mr. Pak required his workers on the Project from approximately 7:00 a.m. to 7:00 p.m., Mondays through Fridays, and eight to ten hours on Saturdays, at rates as low as $8 an hour, including overtime hours.  The Director of Industrial

Relations determined that the prevailing wage for the workers at issue was approximately $49 per hour.

26. Mr. Pak underpaid wages to the employees on the Project with the intent to permanently deprive the employees of the wages legally owed.

27. The City's Department of Public Works, Bureau of Contract Administration, Office of Contract Compliance ("OCC"), administers the City's labor compliance program for City contracts. Actual time cards of Mr. Pak's employees on the Project show the amount of hours typically worked in a day was close to 12 hours, and occasionally more than 12 hours. Yet the hours reported by Mr. Pak to OCC on certified payroll sheets were no more than eight hours per day per worker, and often less than eight hours. And, Mr. Pak never reported Saturday hours for any of the employees on the Project on the certified payroll.

28. Mr. Pak knowingly misrepresented the employees' hours on certified payroll sheets submitted to the OCC.

29. In submitting false certified payroll sheets to the OCC, Mr. Pak intended to deceive the OCC into believing that Mr. Pak was in compliance with applicable labor laws.

30. OCC's justifiably relied on Mr. Pak's certified payroll sheets.

31. Because of OCC's reliance on Mr. Pak's misrepresentative and deceptive certified payroll sheets, employees and others were damaged in an amount presently unknown to the People.

32. Mr. Pak knowingly misrepresented the employees' hours on timesheets submitted to the OCC.

33. In submitting false timesheets to the OCC, Mr. Pak intended to deceive the OCC into believing that Mr. Pak was in compliance with applicable labor laws.

34. OCC's justifiably relied on Mr. Pak's timesheets.

-9-

35. Because of OCC's reliance on Mr. Pak's misrepresentative and deceptive timesheets, employees and others were damaged in an amount presently unknown to the People.

36. Mr. Pak further signed and submitted, and instructed a subordinate to sign and submit, dozens of Statements of Compliance to the U.S. Department of Labor and OCC declaring under penalty of perjury that all employees on the Project were paid full weekly wages under the law.

37. Mr. Pak signed and submitted such Statements of Compliance, and instructed a subordinate to sign and submit such Statements of Compliance, with knowledge of their falsity and with the intent to deceive the OCC into believing that Mr. Pak was in compliance with applicable labor laws.

38. The OCC justifiably relied on Mr. Pak's Statements of Compliance.

39. Because of the OCC's reliance on Mr. Pak's misrepresentative and deceptive Statements of Compliance, employees and others were damaged in an amount presently unknown to the People.

40. Mr. Pak also paid employees on the Project in a given bi-weekly pay period with a check for the first 80 hours they worked, and then in cash for all of the additional hours they worked. While tax and other deductions were ostensibly made from the paychecks, no such deductions were made from the cash payments.

41. Mr. Pak's payment of employees in such a manner was with the intent to deceive and to permanently deprive the employees of duly owed wages.

42. Mr. Pak's payment of employees in such a manner was with the intent to deceive and to permanently deprive taxing authorities of underreported and underpaid taxes.

43. Mr. Pak further falsified documents. On several occasions, Mr. Pak placed checks face down in front of employees and made the employees endorse each of the checks. Mr. Pak

-10-

then collected the checks and never showed them again to the employees. The employees did not receive any money from the checks endorsed. Mr. Pak would not allow the employees to see the checks they were endorsing. When asked why he made employees sign the backs of these checks, Mr. Pak stated he needed them to make it appear as if workers were paid correctly.

44. Mr. Pak falsified documents with knowledge of their falsity and with the intent to deceive.

45. Mr. Pak falsified documents with the intent to permanently deprive the employees of duly owed wages.

46. Mr. Pak also instructed workers to tell OCC inspectors, when asked, that they were paid the prevailing wage, even though they were paid far less than the prevailing wage.

47. Mr. Pak instructed the employees to make such statements to OCC inspectors, knowing the statements to be untrue.

48. Mr. Pak instructed the employees to make such false statements with the intent to conceal Mr. Pak's underpayment of wages from OCC inspectors.

49. Mr. Pak made workers sign false declarations that, amongst other false statements, declared they were being paid for all of the hours worked and were paid the prevailing wage. These declarations are written in English, and many of the workers did not speak or read English well enough to understand what they were signing. Mr. Pak threatened workers that if they did not lie to OCC inspectors and on their declarations about whether they were being paid the prevailing wage on the Project, he would have to close the company, declare bankruptcy, and many workers would lose their livelihood. Workers signed these false documents and gave false information to inspectors out of fear of losing their only income.

50. Mr. Pak engaged in such conduct with the intent to conceal Mr. Pak's underpayment of wages and uncompensated overtime.

-11-

51. Mr. Pak engaged in such conduct with the intent to permanently deprive employees of underpaid wages.

52. Mr. Pak attempted to obtain such false statements and declarations with knowledge of their falsity.

53. At the time of the execution of the subcontract between Mackone and Mr. Pak, Pak's Cabinets was represented to be a dba of Mr. Pak. On December 9, 2013, the business was incorporated and became Pak's Cabinets, Inc., a California corporation.

54. On August 26, 2014, Defendants filed a joint voluntary Chapter 7 petition, commencing the underlying case. Defendants failed to disclose the existence of Pak's Cabinets, Inc. in their bankruptcy schedules or Statement of Financial Affairs.

55. Despite the bankruptcy of Defendants, Pak's Cabinets, Inc. continues to operate, assemble and build cabinets on projects throughout the City, and is believed to still be working on public projects subject to prevailing wage law.

**FIRST CLAIM FOR RELIEF**

**(AGAINST DEFENDANT NO SUNG PAK)**

**DETERMINATION OF NONDISCHARGEABILITY OF DEBT**

**PURSUANT TO 11 U.S.C. §523(a)(2) (DEBT OBTAINED BY FALSE PRETENSES, A**

**FALSE REPRESENTATION OR ACTUAL FRAUD)**

56. Plaintiff refers to and incorporate by reference paragraphs 1 through 55 as though set forth in full herein.

57. The debt to Plaintiff in an amount presently unknown to Plaintiff but to be proven at trial is for money obtained by false pretenses, a false representation or actual fraud.

58. Accordingly, the debt as to defendant No Sung Pak is nondischargeable pursuant to 11 U.S.C. §523(a)(2).

-12-

**SECOND CLAIM FOR RELIEF**

**(AGAINST DEFENDANT NO SUNG PAK)**

**DETERMINATION OF NONDISCHARGEABILITY OF DEBT**

**PURSUANT TO 11 U.S.C. §523(a)(6) (DEBT OBTAINED BY WILLFUL INJURY)**

59. Plaintiff refers to and incorporate by reference paragraphs 1 through 58 as though set forth in full herein.

60. The debt to Plaintiff in an amount presently unknown to Plaintiff but to be proven at trial is for money obtained by willful injury.

61. Accordingly, the debt as to defendant No Sung Pak is nondischargeable pursuant to 11 U.S.C. §523(a)(6).

**THIRD CLAIM FOR RELIEF**

**(AGAINST DEFENDANTS NO SUNG PAK AND JUNG JA PAK)**

**DETERMINATION OF NONDISCHARGEABILITY OF DEBT PURSUANT TO 11**

**U.S.C. §523(a)(7) (DEBT OWED TO A GOVERNMENTAL UNIT**

62. Plaintiff refers to and incorporate by reference paragraphs 1 through 61 as though set forth in full herein.

63. The debt to Plaintiff in an amount presently unknown to Plaintiff but to be proven at trial is for a fine, penalty or forfeiture payable to and for the benefit of a governmental unit.

64. Accordingly, the debt is nondischargeable pursuant to 11 U.S.C. §523(a)(7).

WHEREFORE, Plaintiff, The People of the State of California prays for judgment against the Defendants, and in favor of Plaintiff, as follows:

1. A judgment determining that defendant No Sung Pak's debt to Plaintiff in the amount presently unknown to Plaintiff but to be proven at trial is nondischargeable pursuant to 11

1 | U.S.C. §523(a)(2), (6) and/or (7);

2. A judgment determining that defendant No Sung Pak's and defendant Jung Ja Pak's debt to Plaintiff in the amount presently unknown to Plaintiff but to be proven at trial is nondischargeable pursuant to 11 U.S.C. §523(a)(7);

3. Plaintiff's costs of suit incurred herein, including reasonable attorneys' fees; and

4. Such other and further relief as the Court deems just proper.

DATED: November 13, 2014

MICHAEL N. FEUER, City Attorney
TINA HESS, Assistant City Attorney
WENDY A. LOO, Deputy City Attorney
JESSICA B. BROWN, Deputy City Attorney

By: /s/ Wendy A. Loo
WENDY A. LOO, Deputy City Attorney

Attorneys for Plaintiff
THE PEOPLE OF THE STATE OF CALIFORNIA

-14-

Complaint Under 11 U.S.C. §523(c) to Determine the Nondischargeability of a Debt